### WILLIAM A. TOWER *vs.* WALCOTT RICHARDSON.

In an action on a note that is made payable absolutely, evidence is not admissible to prove an oral agreement, when the note was made, that it should be given up in a certain event, which has happened.

CONTRACT by the indorsee against the maker of a promissory note for $185.39, dated July 25, 1861, signed by the defendant, payable on demand to George W. Sawin or order, and indorsed by the latter.

At the trial in the superior court, before *Allen,* C. J., it appeared that the note, at its inception, was transferred to Whitcher, Sackrider & Co., who then executed the following paper : " Boston, July 25, 1861. Received of George W. Sawin a note of $185.39, which we will return to him if he fails to get a settlement with his creditors. Whitcher, Sackrider & Co." The note was afterwards negotiated to the plaintiff. Whitcher, Sackrider & Co. were creditors of Sawin, who, being unable to pay all his creditors in full, applied to them to become parties

to a composition deed, by which they consented, upon payment, to be made to them within thirty days, of ten per cent. of their several claims, to receive the same in full satisfaction thereof. Whitcher, Sackrider & Co. signed the composition deed, their signature being obtained by means of the note in suit.

The defendant introduced parol evidence (which came in without objection, through inadvertence) tending to show that at the time the note was given to Whitcher, Sackrider & Co. it was agreed between them and the defendant that the note should be given up unless Sawin should in fact obtain a discharge from all his debts. The plaintiff afterwards requested the court to instruct the jury that this parol evidence was not competent for the purpose of controlling, impairing or defeating the note, and should not be considered by the jury. The judge refused so to instruct them ; and instructed them that the evidence might be considered by them, not for the purpose of varying the terms of the paper declared upon, but upon the question of the failure of the consideration upon which the note was given, by the failure of Sawin to procure a settlement with his creditors.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*F. A. Brooks*, for the plaintiff.

*C. G. Thomas*, for the defendant.

DEWEY, J. The parol evidence which was offered tending to show that at the time this note was given it was agreed between Whitcher, Sackrider & Co. and the maker that the note should be given up, unless the maker should obtain a discharge from all his debts, should have been excluded from the jury entirely. The distinction taken, that it might be considered by them, not for the purpose of varying the terms of the written contract, but upon the question of the failure of the consideration upon which the note was given, is not tenable. The case of *Underwood* v. *Simonds*, 12 Met. 275, presented a similar question as to the admission of a contemporaneous oral agreement, and its admission was urged for the like reason ; but it was held wholly inadmissible. The case of *Adams* v. *Wilson*,

12 Met. 138, was also to the like effect. This point was again before the court in *Allen* v. *Furbish,* 4 Gray, 504, and with a similar result. The effect of the parol evidence, if admitted, would be to make the absolute promise contained in the written contract a conditional one. *Exceptions sustained.*